I am of opinion that the prayer of this bill (161) could not be rejected without violating very clear principles of natural justice and subverting that series of decisions by which this Court has been constantly guided for the protection of sureties. It is not controverted that the estate of the plaintiff's intestate, who was surety for Helme, became liable to pay a considerable sum for him a very short time after the confession of judgment, and that this money was subsequently paid out of the estate. It is very evident, that if Helme had determined to enforce the judgment upon the expiration of the stay, he would have been enjoined, unless the counter-secured the estate against his own debts. When the debts of Helme were paid out of the estate, his debt against it was extinguished, according to such plain principles of justice that I imagine the law of every civilized nation has adopted them. In the civil law it was called compensation, and is thus spoken of by a writer on that law: "When it is said that compensation is made ipso jure, it means that it is made by the mere operation of law, without being pronounced by the judge or opposed by the parties. As soon as a person, who was creditor of another, becomes his debtor of a sum of money, or other matter susceptible of compensation with that of which he was a creditor, and, vice versa, as soon as a person who was debtor to another becomes his creditor of a sum susceptible of compensation with that of which he was a debtor, a compensation is made, and the respective debts are from thenceforth extinguished, to the extent of their concurrence, by virtue of the law of compensation." Pothier on Obligations, 599. As the civil law exists in Scotland, the principle is there adopted without variation, and it is held that where the same person is both debtor and creditor to another, the mutual obligations, if they are for equal sums, are extinguished by compensations. Erskine's Institutes, 325.
Williams had a well ascertained equitable right against Helme, (162) before payment of money for him, and might have called upon him in this Court to relieve him from his liability by payment of the debt, and would certainly have been allowed to set off the judgment against it. The case of Lee v. Rock furnishes an instance where a man *Page 96 
borrowed money on the mortgage of his estate for another, of his being allowed to go into equity to have his estate disencumbered by him, and the covenant in the mortgage deed was held to bind the defendant, though no party to it; but the money being borrowed for him, it was his debt, and the surety was only a nominal person. Mosely, 319. And he may not only come here to be relieved from his liability, but as soon as he becomes liable to the creditor, or is endangered, though he has not paid the debt, he has a right to enforce mortgages or other counter securities given to indemnify him. Antrobus v. Davidson, 3 Merivale, 579; Tankersley v. Anderson, 4 Dessaus, 44.
This was the relation in which Williams stood to Helme immediately after the confession of judgment, and when the true state of the latter's affairs were known. This equity was prior, then, to any which could be acquired by the assignees of the judgment. But there was, in fact, no equity to be acquired by them, for it would be against first principles that the assignor should place the assignee in a better situation than he stood himself. Policy has introduced an exception with respect to bills of exchange and notes endorsed before they are due, but in all other respects the rule and law of this Court are on that subject universal. Coles v.Jones, 2 Vern., 692; Davis v. Austen, 1 Ves., Jr., 247.
As many of our most valuable principles of equity, as well as law, are derived from the civil law, it is not surprising to meet with almost the very case before us, stated in a work of authority on that law as administered in Scotland. "Though," says the writer, "compensation (163) cannot be pleaded after the decree, either against the creditor or his assignee, yet if the original creditor should become bankrupt, the debtor, even after decree, may retain against the assignee till he give security for satisfying the debtor's claim against the cedent." Erskine's Institutes, 328.
PER CURIAM. Let the judgment be made perpetual, with costs.
Cited: Battle v. Hart, 17 N.C. 32; Green v. Crockett, 22 N.C. 393;Allen v. Wood, 38 N.C. 388; Long v. Barnett, ibid., 636; Mosteller v.Bost, 42 N.C. 42; Walker v. Dicks, 80 N.C. 265; Scott v. Timberlake,83 N.C. 384; Baker v. Brem, 103 N.C. 80. *Page 97